UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

TYRECUS J. CROWE                                                                    PLAINTIFF

v.                                       CIVIL ACTION NO.  4:21-CV-P74-JHM

GRAYSON COUNTY DETENTION CENTER *et al.*                          DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a *pro se* prisoner civil-rights action brought by Plaintiff Tyrecus J. Crowe

pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening of the complaint

pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will the dismiss the

claims set forth in the complaint but allow Plaintiff the opportunity to amend his complaint.

**I.**

Plaintiff is incarcerated as a pretrial detainee at the Grayson County Detention Center

(GCDC).  He names as Defendants the GCDC, Grayson County, GCDC Nurse Rita Wilson,

Twin Lakes Hospital, and Timothy Talbot, a doctor at Twin Lakes Hospital.  Plaintiff sues Nurse

Wilson in her official only.

In the complaint, Plaintiff alleges that he became seriously ill with pneumonia while

incarcerated at GCDC.  Plaintiff further alleges that GCDC officials ultimately transported him

to Twin Lakes Hospital where he was examined by Dr. Talbot.  Plaintiff states that Dr. Talbot

examined him, diagnosed him with pneumonia, and then returned him to GCDC with

medication.  Plaintiff claims that Twin Lakes Hospital and Dr. Talbot violated his rights by

returning him to GCDC despite his serious medical condition.  Plaintiff alleges that he ultimately

had to be taken to another hospital by GCDC officials where he was admitted the same day,

received a surgical procedure, and was hospitalized for more than three weeks.  Plaintiff also

alleges that once he returned to GCDC Nurse Wilson violated his rights by failing to timely schedule his requisite follow-up appointments causing Plaintiff "great pain and suffering."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A.

The Court will first address Plaintiff's claim against the GCDC, his official-capacity claim against GCDC Nurse Wilson, and his claim against Grayson County.  The GCDC is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983.  In this situation, Grayson County is the proper Defendant.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be sued, the county is the proper party); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  Similarly, Plaintiff's official-capacity claim against Nurse Wilson is against her alleged employer Grayson County.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that he suffered any harm as a result of a custom or policy implemented or endorsed by Grayson County.  Rather, it appears that Plaintiff seeks to hold Grayson County liable for not properly supervising the medical personnel at GCDC.  A county,

however, "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.*

For these reasons, the Court will dismiss Plaintiff's official-capacity claim against GCDC Nurse Wilson and his claims against the GCDC and Grayson County for failure to state a claim upon which relief may be granted.

**B.**

The Court next turns to Plaintiff's claims against Twin Lakes Hospital and Dr. Talbot – two ostensibly private parties. For a private party's conduct to be considered "under color of state law" for § 1983 purposes, there must be "a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) ; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff's allegations against Twin Lakes Hospital and Dr. Talbot do not establish the necessary nexus.

Courts in the Sixth Circuit have generally held that private hospitals and healthcare providers do not become state actors under § 1983 solely because they provide medical treatment to a state prisoner. *See Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir. 2001); *Alford v. Carson City Health Care*, No. 1:21-cv-2, 2021 U.S. Dist. LEXIS 98503, at *12 (W.D. Mich. May 25, 2021); *Smith v. Ohio Dep't of Rehab. & Corr.*, No. 4:18cv1493, 2018 U.S. Dist. LEXIS 213647, at *7 (N.D. Ohio Dec. 19, 2018); *Wheatley v. Marshall Cty. Hosp.,* No. 5:18-CV-P116-TBR, 2018 U.S. Dist. LEXIS 138560, at *5-8 (W.D. Ky. Aug. 15, 2018); *Ford v. Kennerly*, No. 1:16-cv-243, 2016 U.S. Dist. LEXIS 70335, at *28 (W.D. Mich. May 31, 2016).

Thus, because the complaint does not contain allegations from which the Court can conclude that Twin Lakes Hospital and Dr. Talbot were acting under color of state law when

they provided medical care to Plaintiff, the Court must dismiss Plaintiff's § 1983 claims against them for failure to state a claim upon which relief may be granted.

Because the Court is dismissing Plaintiff's federal claims against these Defendants, it declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may seek to bring against them. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Any state-law claims against these Defendants will be dismissed without prejudice.

### C.

Finally, as to Nurse Wilson, the Court will provide Plaintiff the opportunity to amend his complaint to sue her in her individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff so amends his complaint, the Court will also allow a Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Nurse Wilson.

### IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's § 1983 claims against all Defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED** that any state-law claims against Defendants Twin Lakes Hospital and Dr. Talbot are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3) because the Court declines to exercise supplemental jurisdiction over them.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate GCDC, Grayson County, Twin Lakes Hospital, and Dr. Talbot as parties to this action.**

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he sues Defendant Nurse Wilson in her individual capacity**.  The **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of his complaint (DN 1) with the words "Amended Complaint" and this case number written in the margin.

If Plaintiff fails to file an amended complaint against Nurse Wilson in her individual capacity, this action will be dismissed for the reasons stated herein.

Date:   August 23, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Grayson County Attorney
4414.011

7